May it please the Court. Joseph Clappage for Petitioner Michael DeVaughn. And if I will try to reserve two minutes for rebuttal. The principal issue in this appeal is whether the exhaustion and younger abstention doctrines prevent the federal courts from hearing a pretrial detainee's excessive delay claim. And Petitioner respectfully submits that this issue was resolved in his favor in the Ninth Circuit's decision in Cooley. There, the Ninth Circuit held that a petitioner is not required to exhaust state law remedies before bringing an excessive delay claim. And the Cooley court reasoned, this is sort of eminently practical, that it would be meaningless to insist that a habeas petitioner exhausts his state law remedies when the very essence of his claim is that the state court won't act. Now, Cooley did not involve abstention. It was limited, the court's ruling was limited to exhaustion. But it's a logical extension of it. I'm trying to make sure I understand what your argument is directed at. Is it directed at Riverside County or Los Angeles County? This is, I'm sorry, this is the first petition. There are two petitions that were consolidated. The first petition in this case was directed towards Riverside County, and the claim was that the Riverside County court has engaged in excessive delay by refusing to rule on his pending pre-trial motions for a period of over three years. The second claim is directed towards the Los Angeles County court. There's an action that has been filed there but is not moving forward, and that's primarily a Speedy Trial Act claim. And so I'm focusing on the first petition right now, and I'll address the Los Angeles County claim momentarily. So you're not talking about Riverside County? Right now I'm talking about Riverside County. You could have just said that when I asked you, are you doing this or that, instead of this whole explanation telling me things I already knew, that you already knew and my colleagues already knew, that we didn't have to repeat it. So if you're going after Riverside County, why isn't that moved? They now, from what I understand, they are now moving. Your client is being prosecuted. Why isn't that claim moved? Well, the question of mootness is, there are several responses to it. The first is that –  The first response – You only need one, and if one is adequate, you don't have to give me any others. So just give me your best response, and let's see if it's – I'll give you your best, which is the best response is that Couey itself says that the mere fact that a court has issued a ruling or that the complaint on delay in state procedure has been satisfied does not render an excessive delay claim moot. It's in note 2 of the Couey decision, and it cites two fairly established case law in other circuits. There's the Mathis case and the Simmons case in the Second Circuit and the Delancey case in the Tenth Circuit, all of which say that, in fact, in the Second Circuit cases, there were an excessive delay in an appeal, and the appellate court issued a ruling, and the court said, well, we're going to still go ahead, because the interests are so important here, we're still going to review to determine whether or not there should be an unconditional grant of the petition. And that's a release that is – Well, what would we do? Let's say we gave you everything for the client we wanted. What could we possibly get, you know, besides to do that? It's not already doing it. I agree that there is a sort of a remedy issue that sort of happened as sort of the clock has a bit ran out. I'll give you another narrative. I asked you a question, and you can give me an answer. My question was, what? And your answer has to start with this. You know, here's what you can give me. I don't want a philosophy of remedies answer. What is it that we could give you? Let's say we looked at this and said, yes, Mr. DeVaughn is entitled to relief, and the relief is ban. Okay? And what would the ban be? My client's principal goal, the order that he would seek from this – No, I don't want to know that. I just want to tell me what relief. The relief would be to instruct the Riverside State Court, by order, to complete ruling on the pending motions. There's no question that some parts of the motion, perhaps all of the motions, have been ruled on, but my client's position is that a number of the claims that are raised in those motions have not been addressed, and his petition is seeking an order from this Court, directing the State Court to issue a final ruling on those orders. If there's some question as to whether or not that relief has already been granted, then an appropriate remedy would be for this Court to issue an order to – instructing the Riverside Court to review, to ensure that all of his pretrial motions have been resolved. And that could still be done, because the trial is still pending. There's been no final judgment of conviction against him. Well, but you are here as an officer of the Court, and are you representing to us that there are some parts of the relief that your client has sought in Riverside County that have not been ruled upon yet by the Riverside Superior Court? There are – there are definitely entries in the minute orders that – in the case print that indicate that the 995 motion was subject to a series of rulings in – You do – you do like to talk, don't you? I have a question. I'll ask you a simple question. Do you as an officer of this Court represent to us that there are motions that your client has filed in the Superior Court in Riverside County that have not been ruled on yet? Okay, this is capable of a yes, no, or I don't know answer. So let's start with one of those three. The answer is – If you want to then give an explanation as to any of them, fine. But I'd like to know which category we're in. The answer is I don't know, Your Honor. The record in this case – So why are we talking about it if you don't know? If you – if you as the lawyer, the man who is here seeking relief, don't know that there's any relief to be obtained, why are we wasting time doing this? If you can't stand here and tell me with a straight face that you've got some relief pending that's not been granted, why are you bothering with this? Why are you bothering us with this? Well, there's – I think there's – Well, we're supposed to issue an order in theory, the Supreme Court of Riverside County, do a swell job. You know, you be sure to – if there's anything you forgot to do, you better now remember and do it. You think that's the function of federal courts? No, Your Honor. My client's position is that he has raised a number of arguments, including federal arguments, in the pending motions, and that those arguments have not been addressed by the superior court. I see entries – When you say not addressed, you mean the court ruled on the motions and you're not happy with what the court said? My understanding is, from my client, who's representing himself pro se below, is that these were arguments that were made but that the court refused to rule on. And there are no transcripts from those hearings, so I haven't been able to determine precisely the nature of the court's rulings and what rulings have been made and what have been reserved. It is clear that up until July 15th, the motions – two of the motions that were filed back in 2008 and 2009 relating to the illegal searches, that those had not been resolved. And then there was a hearing on July 15th that appears to resolve some – my client believes not all – of the arguments that were raised. But even apart from the – maybe if I can revert back to the Cooey line of cases, which makes clear that the mere fact that the state court has actually acted does not render the claim moot and that there is still a role for a court to look at the important interest that it has. Counsel, Judge Gould, if I could ask you just one question, if I may, before – you're totally out of time. The policies underlying Younger are not identical to exhaustion, so your reliance on the case, I guess it's Cooey that you rely on, may or may not be controlling. Let's assume it's not controlling in a Younger case. What I want to know is, given that Younger counsels us to keep our footprint of review of a state prosecution as narrow as we can, why can't your client, if he doesn't like what's been done or doesn't like the answers to the motions, why can't that be raised after a judgment in the state court? Why can't he take that issue up the state appellate ladder to get relief? Why does the federal court have to intervene in a state prosecution? There is a very different standard of review in the state courts between a pre-trial commitment issue that's resolved pre-trial versus one that's resolved post-conviction under Proposition 8. The difference is that pre-trial you're not required to show prejudice, whereas post-trial you are required to show that the pre-trial commitment error, the procedural error, actually affected the outcome of the trial. And so much higher burden on the criminal defendant, quite frankly in most cases, an insurmountable burden. And so my client's desire is to get rulings and to get this case sort of knocked out pre-trial. So now, you know, the Ninth Circuit has a lot of states in it, and each of those states has a lot of counties. So are you telling us that the federal court has to be sort of like running a stop clock on all the various county procedures and can step in to intervene in county prosecutions in all these counties if we don't like the way they're doing it? No, Your Honor. I think this case presents a very unusual circumstance where you've had a pre-trial detainee for three years and motions that were filed initially back in 2007 that were not ruled on until 2010 and may not have been ruled on even now. And unless there are any further questions, I will sit down and plead for some rebuttal time if I can get it. Okay. Good afternoon. May it please the Court. Ivy Fitzpatrick on behalf of Respondent. I'd first like to address the remedy issue. You're representing Sheriff Smith? Yes, a special appearance. I'm not county counsel. I'm a deputy district attorney on behalf of Riverside County, so I'm a special appearance. I was not challenging. Okay. I just wanted to make that clear, because there was a second counsel on this case that was county counsel, and I am not that person. That's perfectly fine. I am just wondering, there's also a claim against L.A. County. Yes, but because he is in the custody, Mr. Devon is in the custody of the Riverside County Sheriff, even though there's a case in L.A., the custodian is Sheriff Smith. I see. I see. Correct. So you are prepared to respond to both claims? Yes, Your Honor. Because that's what I want. Okay, good. Yes, Your Honor. You may proceed. Okay. The remedy issue is a prickly problem for Mr. Devon. We are currently in trial. In fact, right now the prosecution, well, it's the last break, but they have presented their rebuttal argument, or rebuttal, and the evidence will be concluded by the end of today. Closing arguments will be presented tomorrow, and the case will be submitted to the jury. The time for bringing motions is vastly coming to a close. All of the motions, from my understanding, have been ruled upon by the court, have been denied. Even the ones cited in the reply brief by my opposing counsel, I went through the record again last night, made some checks again this morning, and it appears all of those have been denied. To the extent that there is anything outstanding, I'm sure Mr. Devon could press for relief from the court, and he has asked for the court to rule on motions the entire time, thereby preserving those issues on appeal and direct appeal to the State courts. He could raise that issue at that point. There's simply no need. Is he representing himself? He is. He is pro per, however, as this Court is well aware, when he gets to the appellate process, he can be appointed counsel by the Appellate Defenders, Inc., which is based in San Diego. So he will have assigned appellate counsel for his direct appeal. Mr. Devon, it also bears to note that in each of these instances where he's brought a motion, and counsel mentioned that it had taken three years for some of them to be heard, all those continuances were either requested by Mr. Devon or consented to by Mr. Devon. And finally, as the matter proceeded to trial, the court was able to rule on all of these motions, set trial dates, and now we are about to conclude evidence and present the case to the jury. So there does not see the remedies that Mr. Devon requested in his petition was to order the trial court to rule on the motions, that's been done, and to order him to get to trial, and that's been done. With regard to the L.A. case, his remedy sought there is dismissal of the entire case, which under Braden and other well-established precedent, pretrial habeas relief does not lie for dismissal. That's not an appropriate remedy. When a pretrial habeas petitioner brings a speedy trial claim, the only potential appropriate relief would be to order them to bring to trial, which I will tell this Court, that now that the Riverside case is concluded, considering there could be about 60 days to sentencing, Mr. Devon will be swiftly on his way to Los Angeles County after that time. And he can then raise his speedy trial claims before the Los Angeles County Superior Court. At that time, and if he's unhappy with those rulings, there are actually many, many pretrial state appellate remedies available to Mr. Devon, which he's declined to take in the Riverside County case, but he could have. If he was unhappy with them. What delayed this case so long? I mean, three years of pretrial detention is not insignificant. I mean, it's quite ñ it becomes a punishment in itself. Your Honor, as you know, there is a backlog of cases in Riverside County. We were facing an extreme backlog and having a very difficult time getting cases to trial and cases being dismissed because of the backlog. That's one factor. Another factor is the fact that Mr. Devon requested many of these, in fact, most of the continuances were stipulated to them. And so a lot of this delay was at Mr. Devon's request and the multiple motions he would file, and it was just after one motion another one would come and another and another and another, delaying the progress towards trial. And so that's a brief synopsis of why it had taken so long to actually get to trial in this case. So both remedies, just at the outset, it appears that both remedies that Mr. Devon requests are unavailable to him, both with regard to the Los Angeles case and the Riverside case. I assume he sought bail and denied? Correct. Well, he sought bail. Bail was set. He just couldn't make it. Oh. That's right. Okay. And as far as the Cooey case, this was discussed in the briefing, but this case is completely inapplicable to the current set of circumstances. Cooey involved a 2254 habeas petitioner.  Coe. I call it Coe, but Petitioner called it Cooey, so I thought maybe I had gotten it wrong. So I thought I would go with what was being said. But if the court wants to go with Coe, I'd be happy to do that because I've been going with that for the last several months. Coe. That case was a 2254 habeas petitioner who had sought relief through the state appellate courts. The appellate court had taken a very long time to decide on the, I believe it was a habeas petitioner direct appeal, I can't remember, in the court of appeal, and Petitioner sought relief in the federal court saying, hey, I'm not able to exhaust my remedies here because they won't rule on it so that I can exhaust. And the court said, yes, indeed, you're correct. You are actually unable to exhaust, and so we're going to relieve you of that burden and then ordered the court of appeal to rule within 60 days or they were going to grant relief. That is not what we have here. In the Riverside County case, Mr. Devon never sought appellate relief on these issues he now raises. He never asked the court of appeal of the state of California to order the trial court to rule on these motions. He never asked the court of appeal to rule on this speedy trial claim he now brings before this court. Instead, he wanted to jump to the head of the line and get right into federal court to order the state court to do what Mr. Devon had never asked the court to do in the first place. And so, Mr. Devon, this is not a case of excessive appellate delay because there was no appeal. Okay. Thank you. Thank you, Your Honor. If the court has any further questions, thank you. Should I take a minute for rebuttal? Let's keep it to a minute. Thank you, Your Honor. I'll just make three very brief points. First, the fact that my client stipulated to a number of the continuances in order to get a ruling on his pretrial motions should not preclude the request of his petition because he was simply trying to get a ruling pretrial to get the more favorable standard. Second, Cooey, she tried to distinguish a pretrial versus a post-conviction defendant, I'm sorry, and co. And there was no ruling to appeal, and the argument is that a pretrial detainee has even greater interest in avoiding excessive delay. And then finally, just to address the Los Angeles County proceeding, the claim is that the claim fled is that the Los Angeles County actions being held over his head is filed in bad faith and held in abeyance in bad faith in order to exact a more favorable resolution to the Riverside action. That would satisfy one of the younger exceptions, and so the argument there is that he should at least be permitted to pursue that claim, take discovery, or hold an evidentiary hearing to establish that bad faith basis. And unless there are any further questions. Okay. Thank you. Thank you.
judges: Kozinski, O'scannlain, Gould